UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **STOCKFOOD AMERICA, INC.,**<br><br>                    **Plaintiff,**<br><br>         **v.**<br><br>**ADAGIO TEAS, INC.,**<br><br>                    **Defendant.** | Civ. No. 18-16678 (KM/MAH)<br><br>**OPINION & ORDER** |

**MCNULTY, U.S.D.J.:**

The plaintiff, Stockfood America, Inc. ("Stockfood") alleges that the defendant, Adagio Teas, Inc. ("Adagio") infringed its copyrights in two photographic images by posting the images to its website. On July 31, 2020, I entered an Opinion ("Op.", DE 26) and Order (DE 27) granting Stockfood's motion for summary judgment on the issues of copyright ownership and infringement. I denied the motion as to whether such infringement was willful.

Now before the Court is Adagio's motion for reconsideration. (DE 29) For the reasons discussed below, it will be denied.

The standards on a motion for reconsideration are well-settled. *See generally* D.N.J. Loc. Civ. R. 7.1(i). Reconsideration is an "extraordinary remedy," to be granted "sparingly." *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996). Generally, reconsideration is granted in three scenarios: (1) when there has been an intervening change in the law; (2) when new evidence has become available; or (3) when necessary to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Carmichael v. Everson*, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004).

The particular issue relevant here is whether Stockfood had the right as the photographer's exclusive licensing agent to sue for infringement. Adagio argues that the court overlooked—indeed, "ignored" (Motion Brf. at 7)—its

1

evidence that an image resembling the copyrighted images appeared on the Huffington Post website under the caption "Maas, Rita via Getty Images." In fact, the Court cited and specifically discussed that evidence in its Opinion. Adagio may disagree with the Court's holding, but in no sense did I overlook this evidence.

Here is the Opinion's summary, after a thorough legal discussion, of the holding as to the issue of copyright ownership (broadly construed to include licensing issues and standing to sue):

> Altogether, it is clear from the face of the Agency Agreement that the photographers intended to appoint Stockfood as their exclusive licensing agent. That appointment carried with it the grant of the exclusive right to act as a licensing agent, that is, to authorize the reproduction, distribution, and display of the Images in return for a fee that would be shared with the photographer. Moreover, that right was exclusive; under *Minden,* the photographers' retention of limited licensing rights does not undermine exclusivity as a matter of law, and the Agency Agreements provide that Stockfood is the photographers' sole and exclusive agent worldwide.

(Op. at 23)

Immediately preceding that summary is the Court's discussion of the allegedly overlooked evidence:

> Both Agency Agreements provide that "[t]he Photographer hereby appoints [Stockfood], and [Stockfood] hereby accepts such appointment, as the Photographer's *exclusive agent* worldwide *with respect to licensing* the Photographs submitted to [Stockfood] by the Photographer." (DE 20-2 at 1, 10 (*emphasis* added)). An appointment as the photographer's exclusive agent worldwide, I find, is sufficiently specific; it does not permit the appointment of another licensing agent for the same copyrighted works.
>
> However, that is exactly what Adagio argues has occurred. It points to a posting on the HuffPost website which includes a copy of one of the Images bearing the caption "Maas, Rita via Getty Images." (Def. Br. at 8). The implication is that Rita Maas, one of the two photographers involved in this case, has given Getty Images, another stock image agency, the ability to license the Image for use by HuffPost.

2

> First, it is not clear that this implication is true. The Image could have been licensed to Getty Images by Stockfood, or Getty Images could have been granted a one-time non-exclusive license from Rita Maas. Second, even if true, it may indicate no more than Maas's breach of her contract with Stockfood; there is no reason that the photographer's breach, if it occurred, would deprive Stockfood of the rights for which it bargained. Adagio therefore raises no facts indicating that Stockfood's appointment as licensing agent was not exclusive in Sense #2.

(Op. at 22–23) (fn. omitted) "Sense #1" and "Sense #2" of exclusivity were defined earlier in the Opinion.). The Court was not here speculating as to the meaning of the HuffPost citation or the licensing rights that might have been retained by the photographer. My point was that its significance was not established by evidence.

This single website reference comprises Adagio's evidentiary submission on the issue of exclusivity. Adagio now speculates that this website reference signifies that the license agreement, despite its explicit wording, was not exclusive. Adagio could have subpoenaed the photographer, the website, or Getty Images, and it is possible that such efforts could have yielded admissible evidence to substantiate its position. Apparently it never did so. Adagio attempts to finesse this shortcoming in two footnotes. The first states that Getty was a licensing agent of the Maas image as recently as July 2019. (Motion Brf. at 11 n.1) This statement is made "on information and belief." But we are not at the pleading stage; this is a motion for (reconsideration of) summary judgment. The second footnote cites Fed. R. Civ. P. 26; the plaintiff, says Adagio, failed to provide any information about licensing to Getty in response to discovery requests, and should now be compelled to do so. (Motion Brf. at 11 n.2) Summary judgment is not the time to make a motion to compel discovery, and that goes double for a motion for reconsideration. Adagio was not taken by surprise here; it was Adagio which introduced the Huffington Post evidence in the first place and cited it in opposition to summary judgment.

There is no evidence of the circumstances, legal and factual, surrounding the appearance of the image on the Huffington Post website. This internet citation, particularly considered in the context of the agreements, is not evidence sufficient to permit a jury to find in Adagio's favor on the issue of copyright ownership.

## ORDER

Accordingly, IT IS this 27th day of October, 2020

ORDERED that the motion for reconsideration (DE 30) is DENIED.

/s/ Kevin McNulty

_____
**HON. KEVIN MCNULTY, U.S.D.J.**